EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| José Vega Rodríguez y otros<br>    Peticionarios<br><br>          v.<br><br>Empresas Tito Castro, Inc.<br>y otros<br>    Recurridos | Certiorari<br><br>2000 TSPR 141 |

Número del Caso: CC-1997-0182

Fecha: 29/09/2000

Tribunal de Circuito de Apelaciones:

          Circuito Regional V

Juez Ponente:

          Hon. Ramón Negrón Soto

Abogado de la Parte Peticionaria:

          Lcdo. Francisco J. Rivera Alvarez

Abogado de la Parte Recurrida:

          Lcdo. Edgardo Santiago Lloréns

Materia: Daños y Perjuicios

     Este documento constituye un documento oficial del Tribunal Supremo que está
     sujeto a los cambios y correciones del proceso de compilación y publicación
     oficial de las decisiones del Tribunal. Su distribución electrónica se hace
     como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Vega Rodríguez y otros
     Peticionarios

          v.                          CC-1997-182

Empresas Tito Castro, Inc.
y otros

     Recurridos


PER CURIAM


San Juan, Puerto Rico a 29 de septiembre de 2000

El 9 de julio de 1994, mientras el Sr. José Vega Rodríguez se encontraba trabajando en el taller de mecánica de las Empresas Tito Castro, Inc., (Empresas), en el Barrio Tijeras de Juana Díaz, sufrió un accidente. El 21 de noviembre de 1995, luego de que el señor Vega Rodríguez presentara una solicitud de beneficios ante el Fondo del Seguro del Estado (Fondo), dicha agencia declaró a Empresas **patrono no asegurado.** Basó esta determinación en que de los récords de la agencia surgía que Empresas no rindió la Declaración de Nómina del año 1993-94 dentro del término fijado por la Ley de Compensaciones por Accidentes del Trabajo, Ley Núm. 45, de 18 de abril de 1935, según enmendada, 11 L.P.R.A. sec. 1 y ss, el cual había expirado el 20 de julio del 1994. La declaración se radicó el 26 de julio de ese año. Esta decisión se notificó tanto al lesionado, Vega Rodríguez, como al patrono, Empresas, el 12 de diciembre de 1995. En dicha comunicación se les hizo la siguiente advertencia: "La Ley de Compensación por Accidentes del Trabajo en el Artículo 10 dispone que toda decisión podrá apelarse ante la Honorable Comisión Industrial dentro de los treinta (30) días después de notificada." De esta decisión el patrono, Empresas, no solicitó la reconsideración ante el Fondo ni apeló la decisión ante la Comisión Industrial.

Así las cosas, el 10 de abril de 1996, el Sr. José Vega Rodríguez, su esposa Melba Collazo Rivera y la sociedad de gananciales compuesta por ambos (en adelante señor Vega Rodríguez) presentaron una demanda en daños y perjuicios contra Empresas.[1]

---

[1] Incluyeron en la demanda como demandados de nombre desconocido a Aseguradora ABC y Aseguradora Fulana de Tal DEF, Inc.

Alegaron que allá para el 9 de julio de 1994, el señor Vega Rodríguez era empleado de Empresas y que ese día se reportó a trabajar a las siete de la mañana. Una hora más tarde cuando se encontraba en el taller de mecánica de Empresas en el Barrio Tijeras de Juana Díaz arreglando un camión de tumba, ocurrió el accidente por el cual se reclama. La transmisión del camión se desprendió y le cayó encima, sobre la parte baja de la espalda. Continuaron alegando que el taller de mecánica no estaba en condiciones para la reparación de este tipo de camión y que ésta fue la causa próxima del accidente. Expresaron, además, que Empresas no tenía establecidas medidas de seguridad para evitar esta clase de accidente, ni contaban con los medios para atender a un empleado luego de ocurrir un accidente. Aseveraron que días antes, el señor Vega Rodríguez le había informado a sus superiores de estos problemas y ellos nada hicieron al respecto.

Alegaron también que el accidente le causó graves daños al señor Vega Rodríguez y que al ocurrir el mismo Empresas no estaba asegurada bajo el Fondo.

El 31 de mayo de 1996, un mes y veinte (20) días después de haberse presentado la demanda, y ciento setenta y un (171) días después del Fondo haber notificado su determinación de patrono no asegurado, Empresas presentó ante el Fondo una escueta moción titulada Moción Solicitando Nueva Decisión, Adjudicación y/o Nuevo Juicio. Alegó que "recientemente" el Fondo había emitido una decisión de patrono no asegurado y que, aparentemente por inadvertencia, el Fondo no había tomado en consideración una comunicación de la Oficina Regional de Ponce donde se indica que dicha Oficina "dio y extendió" prórroga a Empresas para "efectuar el pago total de la prima y presentar la declaración de nómina hasta el ... 4 de agosto de 1994." Acompañó copia de esta comunicación con la moción. No ofreció explicación alguna sobre la razón que pudo haber tenido para la tardanza excesiva en presentar la solicitud de reconsideración de la decisión de patrono no asegurado del Fondo. Apenas veintidós (22) días más tarde, el 21 de junio de 1996, el Fondo, en una también escueta decisión, revocó su anterior determinación de patrono no asegurado. Expresó en su decisión que "oportunamente" el patrono había solicitado la reconsideración y aportado evidencia de la prórroga que le había sido concedida para rendir la Declaración de Nómina. En esta decisión, el Fondo no explica por qué consideró "oportuna" y acogió una solicitud de reconsideración presentada pasados los términos jurisdiccionales para solicitar tanto la reconsideración como la apelación, la cual no contenía una explicación o justificación alguna para su presentación tardía.[2]

El 24 de julio Empresas presentó ante el foro de instancia una moción de sentencia sumaria con la cual acompañó la decisión del Fondo revocando la determinación previa de patrono no asegurado. Luego de haberse presentado oposición y réplica a ésta, el tribunal de instancia emitió sentencia parcial denegando la moción de sentencia sumaria. Además,

---

[2] El 12 de julio de 1996, el señor Vega Rodríguez presentó un escrito de apelación ante la Comisión Industrial.

determinó que Empresas era patrono no asegurado.[3]

Inconforme con este dictamen, Empresas recurrió ante el Tribunal de Circuito de Apelaciones (Tribunal de Circuito) donde planteó la comisión de dos (2) errores: (1) erró el tribunal de instancia al asumir jurisdicción sin que se hubiesen agotado los remedios administrativos y; (2) erró al dictar sentencia parcial sin el debido proceso de ley.

El 31 de marzo de 1997, el Tribunal de Circuito emitió sentencia mediante la cual revocó la sentencia parcial dictada en instancia. Concluyó que el Fondo tenía jurisdicción para corregir el error cometido con respecto a su determinación de patrono no asegurado. Finalmente resolvió que era a la Comisión Industrial a quien le correspondía determinar la corrección de la decisión del Fondo que revoca su determinación anterior de **patrono no asegurado**. Dictaminó que el tribunal de instancia carecía de jurisdicción para entender en el caso. Ordenó la paralización de los procedimientos en instancia hasta que la determinación que emitiera la Comisión Industrial sobre si Empresas era o no patrono asegurado, adviniera final y firme. Insatisfecho con esta sentencia, el señor Vega Rodríguez acudió ante este Tribunal con el siguiente señalamiento: erró el Tribunal de Circuito al determinar que el foro de instancia debió abstenerse de ejercer su jurisdicción, ya que no se habían agotado los remedios administrativos y que era a la Comisión Industrial, foro con jurisdicción primaria sobre el asunto, a la que correspondía resolver la controversia sobre si Empresas era o no patrono asegurado.

Decidimos revisar y expedimos el recurso. Con el beneficio de la comparecencia de las partes resolvemos.

I

A tenor con el esquema de protección laboral establecido en la Ley de Compensaciones por Accidentes del Trabajo, supra, se concede inmunidad contra acciones en daños y perjuicios por accidentes laborales a patronos asegurados. En lo que respecta a **patronos no asegurados**, el Art. 15 de la Ley, 11 L.P.R.A. sec. 16, establece una dualidad de remedios para el obrero lesionado: éste puede presentar "una petición para compensación ante la Comisión Industrial y, además, puede ejercitar una acción contra el patrono por daños y perjuicios." Esta acción, aunque se rige principalmente por las normas generales del Código Civil, no le permite al patrono oponer las defensas de negligencia contributoria, asunción de riesgo o que la lesión fue producto de la negligencia de un contratista independiente. Vega v J. Pérez & Cia., Inc., 135 D.P.R. 746, 752 (1994). La acción es de "naturaleza excepcional y está basada esencialmente en el hecho fundamental de que el patrono no está asegurado por el Fondo." Ibid, pág. 753. En relación con esta acción, hemos resuelto que

_____

[3] Con relación a este dictamen, la parte demandada presentó un escrito titulado Solicitud de Enmiendas o Determinaciones Iniciales o Adicionales, el cual fue denegado.

la determinación por el Fondo de patrono no asegurado no es requisito para la adjudicación de la cuestión litigiosa. "[La] condición de patrono no asegurado es susceptible de determinación sin gran dificultad por los tribunales y no hay razón para detener la marcha eficiente del procedimiento civil en espera de un trámite administrativo, que en ley no procede sino que coexiste como opción con la acción civil." (Énfasis suplido.) Vélez Sánchez v. Comisión Industrial, 107 D.P.R. 797, 801-802 (1978).

En cuanto a las decisiones del Fondo, aunque la Ley no concede al Administrador facultad expresa para revisar y reconsiderar sus propias decisiones, este Tribunal ha resuelto que es incuestionable que un organismo administrativo tiene facultad para revisar y corregir un error, aun cuando la ley no lo autorice expresamente. Franco v. J. Pérez & Cia. Inc. y F.S.E., 126 D.P.R. 349 (1990); Romero Santiago v. F.S.E., 125 D.P.R. 596 (1990); Sucn. Bravo v. Srio. de Hacienda, 106 D.P.R. 672 (1978); Martínez v. Tribunal Superior, 83 D.P.R. 717 (1961).

En cuanto a la aplicación del mecanismo procesal del relevo de sentencia a decisiones emitidas por organismos administrativos, hemos resuelto que si es considerado justo y razonable aplicarlo a las sentencias dictadas por un tribunal, todavía más razonable resulta el aplicarlo a los organismos administrativos que son creados precisamente para funcionar sin la rigidez que muchas veces caracteriza a los tribunales.

Ahora bien, al aplicar la Regla 49.2 de Procedimiento Civil, sobre relevo de sentencia, 32 L.P.R.A. Ap. III, a las decisiones de los organismos administrativos, hay que tomar en consideración la vasta jurisprudencia interpretativa que se ha desarrollado en los foros judiciales. Con relación a esta figura procesal, reiteradamente hemos resuelto que, aunque ésta debe interpretarse de forma liberal a favor del promovente, esto no significa que es una llave maestra para abrir todo asunto previamente adjudicado. También es norma procesal reconocida que la Regla 49.2 no puede utilizarse en sustitución de los recursos de revisión y reconsideración. Olmeda Nazario v Sueiro Jiménez, 123 D.P.R. 294 (1989); Figueroa v. Banco de San Juan, 108 D.P.R 680 (1979); González v. Chávez, 103 D.P.R. 474 (1975). Sin embargo, una moción de reconsideración puede considerarse como una de relevo al amparo de la Regla 49.2, aún pasado el término jurisdiccional que establece la Regla 47[4] y aun después de haber advenido final y firme la decisión, si dicha moción cumple con los requisitos de la Regla 49.2, entre los cuales se incluye el que ha actuado con debida diligencia para reclamar sus derechos. Vega Maldonado v. Alicea Huaca, Op. de 2 abril de 1998, 145 D.P.R. ____ (1998), 98 TSPR 37, 98 JTS 39.

Además, cualquier parte adversamente afectada por una decisión del Fondo puede

---

[4] La Regla 47 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece un término jurisdiccional de quince (15) días contados desde el archivo en autos de copia de la notificación de la sentencia si hay simultaneidad entre el archivo y el envío por correo, y desde el envío por correo si no la hay. Véase, Regla 46 de Procedimiento Civil, supra. Véase, además, Ramón Acosta v. K-mart Corp., res. 30 de junio de 2000. 2000 J.T.S. 123.

solicitar la reconsideración dentro del término de veinte (20) días contados desde la fecha del archivo en autos de la notificación de la decisión, a tenor con lo dispuesto en la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2165. La parte afectada puede también apelar ante la Comisión Industrial dentro del término de treinta (30) días de haber sido notificada con copia de la decisión del Administrador. Art. 10 de la Ley del Sistema de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 11.

Reiteradamente hemos resuelto que el promovente de una moción de relevo tiene que demostrar específicamente que cumple con los requisitos de la Regla 49.2, o sea, traer a la atención del organismo administrativo los hechos y las razones que justifican la concesión del relevo que solicita. También deberá demostrar que en todo momento ha sido diligente en la tramitación del asunto de que se trate. Neptune Packing Corp. v. Wakenhut Corp., 120 D.P.R. 283, 292 (1988); Dávila v. Hospital San Miguel, Inc., 117 D.P.R. 807 (1986); Olmedo Nazario v. Sueiro Jiménez, supra.

Pasemos ahora a aplicar las normas de derecho previamente reseñadas al caso de autos.

II

En el caso ante nuestra consideración, el patrono, Empresas, promovente de la solicitud de reconsideración, se limitó a presentar una escueta moción ante el Fondo en la cual simplemente le pidió que reconsideraran la determinación de patrono no asegurado, aduciendo que se le había concedido una prórroga para radicar su Declaración de Nómina para el año 1993-1994 y que esta información no se había tomado en consideración al decidir el Fondo que era un patrono no asegurado para la fecha del accidente. No explicó por qué no había solicitado, dentro del término jurisdiccional establecido por ley, la reconsideración de esta determinación, ni por qué no había apelado a la Comisión Industrial. Tampoco adujo razón alguna para su tardanza en solicitar la reconsideración de una determinación que podría resultarle altamente perjudicial, especialmente cuando en todo momento tenía en su poder la información necesaria para solicitarla.[5]

Con la debida diligencia pudo haberla presentado dentro de los términos establecidos en ley para solicitar la reconsideración o la revisión. Realmente estamos ante una solicitud de reconsideración tardía. En otras palabras, se pretende utilizar la moción de relevo de la Regla 49.2 para sustituir los recursos de reconsideración y revisión, ya que los términos jurisdiccionales para presentar estos recursos ya habían transcurrido. Estamos ante un patrono que al ser notificado de una decisión del Fondo de patrono no asegurado

---

[5] Entendemos que referirse a la decisión del Fondo, notificada ciento setenta y un (171) días después del Fondo haber notificado su determinación de patrono no asegurado, como una "reciente" es un eufemismo. Lo mismo ocurre con la caracterización de una solicitud "oportuna" que hace el Fondo en su decisión reconsiderando la determinación de patrono no asegurado.

se cruza de brazo y espera casi seis (6) meses, cuando el lesionado ya ha presentado una demanda en daños, para, entonces, en vez de contestarla, solicitarle al Fondo la reconsideración. No podemos premiar esta desidia. La solicitud de reconsideración del patrono presentada ciento sesenta y un (171) días después de haber sido notificado de la decisión de patrono no asegurado no procedía.

Recapitulando. La solicitud presentada por el patrono Empresas no cualificaba como una de relevo al amparo de la Regla 49.2 pues no cumplía con los requisitos allí establecidos. El Fondo carecía de jurisdicción para entender en la moción de reconsideración. Bajo estas circunstancias la actuación del Fondo carecía de validez.

Tampoco le asiste la razón al Tribunal de Circuito al señalar que el obrero lesionado tenía que agotar los remedios administrativos. Como correctamente arguye el obrero, cuando presentó la demanda en daños contra Empresas los procedimientos en el organismo administrativo ya habían finalizado y no podían ser reabiertos. No había remedios administrativos que agotar.

En síntesis, al haber transcurrido los términos jurisdiccionales para solicitar la reconsideración o apelar la decisión del Fondo de que el patrono, Empresas, era **un patrono no asegurado**, ésta advino final y firme. Al no existir ninguna de las causales que permiten el uso de la moción de relevo de la Regla 49.2, el Fondo carecía de jurisdicción para entender en la moción de reconsideración presentada por el patrono. Por lo tanto, actuó correctamente el Tribunal de Primera Instancia al no aplicar la decisión del Fondo que revocó la anterior determinación de patrono no asegurado. Esta segunda decisión fue el producto de una actuación *ultra vires* del organismo administrativo.

Por las razones antes expuestas, se revoca la sentencia recurrida y se devuelve el caso al foro de instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Se dictará la correspondiente sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


José Vega Rodríguez y otros
     Peticionarios

                              CC-1997-182

     v.

Empresas Tito Castro, Inc.
y otros


## SENTENCIA


San Juan, Puerto Rico a 29 de septiembre de 2000


     Por las razones que se expresan en la Per Curiam anterior, la cual se hace formar parte integral de la presente, se revoca la sentencia recurrida y se devuelve el caso al foro de instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.

     Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Rivera Pérez disienten sin opinión escrita.


                            Isabel Llompart Zeno
                    Secretaria del Tribunal Supremo