Opinión concurrente emitida por el
Juez Asociado Señor Fuster Berlingeri.
En varias ocasiones hemos resuelto que para beneficiarse de lo dispuesto en la Regla 49.2 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III (sobre relevo de sentencia), la parte en cuestión tiene que satisfacer el requisito de haber sido “diligente en todo momento en la tramitación del asunto de que se trate”. Hemos hecho hincapié en que una parte que acude al tribunal y pone en movimiento la maquinaria judicial, pero que luego no muestra la diligencia requerida para continuar con los trámites judiciales de rigor, no puede pretender que se le releve de las consecuencias de su comportamiento. Ello es una norma reiterada por este Tribunal. Véanse: Vega v. Emp. Tito Castro, Inc., 152 D.P.R. 79, 88 (2000); Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 292 (1988); Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807 (1986).
Es por lo anterior que coincido con lo dictaminado por la mayoría del Tribunal —aunque por otro fundamento— de que en el caso de autos el Tribunal de Apelaciones estaba impedido de considerar como una moción de relevo de sentencia la moción de reconsideración presentada por la parte recurrida.
En este caso, el recurrido no fue diligente en la tramitación de su caso, según surge de los hechos narrados por la Mayoría en su propia opinión. No cualifica, por ende, *517 para el beneficio de un relevo de sentencia concedido por el foro apelativo.
Concurro, pues, con el resultado al que llega la Mayoría en el caso de autos.