# 2009 DTA 108

## TRIBUNAL DE APELACIONES
## REGIÓN JUDICIAL DE AGUADILLA
## PANEL IX

GLORIA IVETTE RAMIREZ
Apelada

v.

JAIME MORALES FUENTES
Apelante

Núm. KLAN-2009-00844

San Juan, Puerto Rico, a 16 de julio de 2009

Panel integrado por su Presidente, el Juez Rivera Martínez,
y las Jueces Jiménez Velázquez  y Gómez Córdova

Gómez Córdova, María del Carmen, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

### I. Dictamen del que se recurre

El 17 de junio de 2009, el Sr. Jaime Morales Fuentes presentó ante el Tribunal de Primera Instancia, Sala de San Sebastián (Instancia), un Recurso de "Apelación Civil" que posteriormente fue presentado ante este Tribunal el 22 de ese mes y año. Solicitó en su recurso la revocación de la Orden dictada por Instancia el 14 de mayo de 2009, notificada y archivada en autos el 19 próximo, que denegó una "Moción al amparo de la Regla 49.2, para que se levante rebeldía y asumiendo representación legal".

### II. Base jurisdiccional

El señor Morales Fuentes sostiene que este Tribunal posee autoridad para entender en los méritos de la controversia a base de lo estatuido en la Ley Núm. 201 de 22 de enero de 2003, mejor conocida como la "Ley de la Judicatura de Puerto Rico". Del mismo modo, invoca como base jurisdiccional los postulados de la Regla 13 del Reglamento del Tribunal de Apelaciones y de la Regla 53.1 (b) de las Procedimiento Civil de Puerto Rico. 32 L.P.R.A. Ap. III, R. 53.1 (b). A poco que examinemos el escrito presentado, en particular, su señalamiento de error, la argumentación y su solicitud de remedio, surge diáfanamente que no se recurre de la sentencia dictada por Instancia, sino de la Orden de 14 de mayo de 2009 que denegó una solicitud de relevo de sentencia al amparo de las disposiciones de la Regla 49.2 de las de Procedimiento Civil. Por tanto, este recurso trata realmente de un recurso de *Certiorari* y no de apelación y es de ese modo que lo acogemos, al amparo de la Regla 53.1 (e) de Procedimiento Civil y las Reglas 31 a 40 del Reglamento de este Tribunal.

## III. Breve resumen procesal y fáctico

Del recurso y sus anejos surgen los hechos que resumimos a continuación.

El 8 de junio de 2007, la Sra. Gloria Ivette Ramírez Méndez presentó ante Instancia una demanda de división de comunidad bienes contra el señor Morales Fuentes. El 15 de ese mes y año se expidió el emplazamiento a nombre del peticionario. Surge del expediente que una vez dio inicio el proceso ante Instancia, el peticionario asistió en varias ocasiones a distintos señalamientos del caso. Ahora bien, el propio señor Morales Fuentes reconoció que se desvinculó del caso y no volvió a inquirir sobre los procedimientos hasta el 7 de enero de 2009, fecha en que acudió a la oficina de su abogado, Lcdo. Eric Milán Muñiz, para conocer qué había ocurrido. Adujo el peticionario que tomó esa decisión, toda vez que hacía mucho tiempo que no recibía ninguna comunicación de su abogado. Es en ese momento que advino en conocimiento de que el 5 de noviembre de 2008, Instancia había emitido Sentencia en el caso, que fue notificada y archivada en autos el 7 próximo, luego de celebrado el juicio.

Surge de la Sentencia que el peticionario no compareció al señalamiento del juicio, ni excusó su falta de comparecencia. Sí compareció su abogado, el licenciado Milán Muñiz, quien tuvo la oportunidad de contrainterrogar al testigo ofrecido por la señora Ramírez Méndez y además, argumentó el caso. Ap., pág. 22. La sentencia fue debidamente notificada a ambas partes a través de sus abogados de récord. [1] Transcurridos tres meses de notificada la Sentencia, el 27 de febrero de 2009, el licenciado Milán presentó "Moción sobre renuncia de representación legal". [2]

El 2 de abril de 2009, el Lcdo. Gerán González Acevedo presentó ante Instancia una moción en la que solicitó el relevo de la Sentencia emitida el 5 de noviembre, que se le permitiera asumir la representación legal y se levantara una alegada anotación de rebeldía en contra el peticionario. Ap., págs. 12-15. En ella arguyó que aunque en ningún momento el foro sentenciador le anotó la rebeldía, procedía que ese foro la levantara, dado el hecho de que la vista en su fondo se celebró sin su presencia, *cuestión que equivale a emitir un dictamen en rebeldía.* Sostuvo que procedía el relevo de la Sentencia, ya que no se le notificó de la celebración de la vista en su fondo y, por ende, nunca se le dio la oportunidad de presentar sus defensas en juicio.

El 19 de mayo de 2009 Instancia emitió Orden en la que declaró "No Ha Lugar" la solicitud de relevo de sentencia. Inconforme con tal determinación, el 17 de junio de 2009 el señor Morales Fuentes presentó ante la Secretaría de Instancia el recurso de epígrafe, que fue presentado el 22 siguiente ante este Tribunal. En él, le imputa a Instancia la comisión del siguiente error:

"Erró el Honorable Tribunal de Primera Instancia, Sala de San Sebastián, al declarar No Ha Lugar la Moción de Relevo de Sentencia a pesar de que de la propia sentencia emitida no se desprende con claridad el porqué se vió [sic] la vista sin la presencia del recurrente y de que la moción contemplaba los requisitos exigidos por la Regla 49.2 de las de Procedimiento Civil y su jurisprudencia interpretativa."

## IV. Derecho aplicable

La Regla 49.2 de las de Procedimiento Civil dispone, en su parte pertinente, lo siguiente:

"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(1) Error, inadvertencia, sorpresa, o negligencia excusable;

(2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a

tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(3) fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;

(4) nulidad de la sentencia;

(5) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o

(6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

...

La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento." 32 L.P.R.A. Ap. III, R. 49.2.

Mediante la precitada Regla, el tribunal puede relevar o modificar los efectos de una sentencia, una resolución o una orden. *Pardo v. Sucn. Stella,* 145 D.P.R. 816, 824 (1998). Dicha Regla es un mecanismo procesal postsentencia que impide que la utilización de tecnicismos y sofisticaciones vulneren los fines justicieros de nuestro sistema de Derecho. No obstante, este trámite procesal no es una llave maestra para reabrir por capricho un pleito debidamente adjudicado e ignorar una sentencia, resolución u orden correctamente dictada. *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 D.P.R. 679, 685 (1987). En ese sentido, es preciso no perder de perspectiva que los dictámenes emitidos por nuestros tribunales gozan de una presunción de validez y corrección. *Cortés Piñeiro v. Sucesión A. Cortés,* 83 D.P.R. 685, 690 (1961). Por ello, el promovente de una solicitud de relevo de sentencia tiene el deber de demostrar que en todo momento fue diligente en la tramitación de su caso. *Vega v. Emp. Tito Castro, Inc.,* 152 D.P.R. 79, 88 (2000).

Está sólidamente establecido que la solicitud de relevo de sentencia no puede ser utilizada como un mecanismo para corregir errores de Derecho ni como remedio sustituto para la solicitud de una reconsideración o para los recursos de apelación o revisión provistos por ley. *Vázquez v. López,* 160 D.P.R. 714, 726 (2003). Entiéndase, no puede ser utilizada para plantear cuestiones sustantivas que debieron alegarse como defensas afirmativas antes de emitida la sentencia o después de la sentencia mediante una apelación o cualquier mecanismo postsentencia provisto en nuestro ordenamiento procesal. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, LexisNexis, 4ta. ed., 2007, pág. 351. Ahora bien, nuestro Tribunal Supremo ha establecido que este remedio extraordinario puede concederse aún después de que la sentencia haya advenido final y firme. *Piazza v. Isla del Río, Inc.,* 158 D.P.R. 440, 449 (2003). Del mismo modo, ese Foro judicial ha indicado que, en el contexto de la Regla 49.2, *supra,* una sentencia es nula cuando el tribunal ha quebrantado el debido procedimiento de ley.

Como cuestión de umbral y pertinente a la controversia de autos, debemos reseñar lo concerniente al proceso de notificación y presentación de escritos en los tribunales. En lo que a ello respecta, la Regla 67.1 de las de Procedimiento Civil establece taxativamente que salvo otra cosa se disponga, toda orden, dictamen, alegación, escrito o moción deberá ser notificada a cada una de las partes. 32 L.P.R.A. Ap. III, R. 67.1. En ese sentido, dispone la Regla 67.2 de ese cuerpo reglamentario que: [s]iempre que una parte haya comparecido representada por abogado, la notificación se hará al abogado, *a menos que el tribunal ordene que la notificación se haga a la parte misma*". 32 L.P.R.A. Ap. III, R. 67.2. (Énfasis suplido). Añade esta Regla que la notificación se efectuará mediante la entrega de una copia del documento o su remisión por correo a la última dirección

conocida,- y en aquellos casos en los que no se conozca la dirección se, dejará en poder del secretario del tribunal.

Conforme lo dispone la Regla, "entregar una copia" significa "ponerla en manos del abogado o de la parte, o dejarla en su oficina en poder de su secretaria o de otra persona a cargo de la misma; o, si no hubiere alguien encargado de la oficina, dejándola en algún sitio conspicuo de la misma, o si la oficina estuviere cerrada o la persona a ser notificada no tuviere oficina, dejándosela en su domicilio o residencia habitual en poder de alguna persona que no sea menor de 18 años que resida allí". 32 L.P.R.A. Ap. III, R. 67.2. Recuérdese que "[l]a imperiosidad de la notificación a los abogados de las partes, cuando éstas comparecen mediante representación legal, estriba en la gran responsabilidad que éstos tienen con relación al trámite del pleito". *Pueblo v. Hernández Maldonado,* 129 D.P.R. 472, 486 (1991).

En lo concerniente a la notificación y registro de una sentencia, la Regla 46 de Procedimiento Civil establece que una vez el tribunal emite una sentencia en un caso, el secretario procederá a archivar copia de ésta y de la constancia de su notificación y registro. Así, una vez se hace constar el archivo según reseñado, la sentencia surtirá efectos y comenzarán a transcurrir los términos para apelar o solicitar revisión. 32 L.P.R.A. Ap. III, R. 46.

De otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que se toman en cuenta para determinar si procede ejercer nuestra discreción para expedir un auto de *certiorari.* Ellos son:

"(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia." 4 L.P.R.A. Ap. XXII-B, R. 40.

En repetidas ocasiones, el Tribunal Supremo de Puerto Rico ha expresado que la discreción es el instrumento más poderoso que tienen los jueces en su misión de hacer justicia. *Lugo v. Municipio de Bayamón,* 111 D.P.R. 679, 680 (1981). En el ámbito del desempeño judicial, la discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho, [sino] una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera". *Banco Popular de P.R. v. Municipio de Aguadilla,* 144 D.P.R. 651, 658 (1997); *Pueblo v. Ortega Santiago,* 125 D.P.R. 203, 211 (1990).

Siguiendo esta normativa, resulta imperativo entender el alcance de nuestra función como foro apelativo al intervenir precisamente con la discreción judicial. Por ello, este Tribunal no intervendrá con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en aquellos casos en los que exista un grave error que revele

una actuación prejuiciada y parcializada o en los que esté presente una equivocación en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, todo ello desde la óptica de evitar que nuestra intervención signifique un perjuicio sustancial. *Lluch v. España Service,* 117 D.P.R. 729, 745 (1986).

Cónsono con la doctrina jurisprudencial y estatutaria antes mencionada, nuestra discreción sólo habrá de ser ejercida si es que están presentes en el caso algunos de los criterios que enumera la precitada Regla 40. En ausencia de ello, procede que nos abstengamos de expedir el auto solicitado y así se sostenga el dictamen del Tribunal de Primera Instancia.

## V. Aplicación del Derecho a los hechos de este caso

El peticionario sostiene que Instancia incidió al declarar "No Ha Lugar" la solicitud de relevo de sentencia. Fundamenta su postura a base de que se configura la negligencia excusable que requiere la Regla 49.2 (1) de Procedimiento Civil para subvertir los efectos de la Sentencia dictada el 5 de noviembre de 2008, toda vez que alega que él nunca fue notificado del señalamiento de la vista en su fondo por su abogado, por lo que no tuvo la oportunidad de presentar prueba para controvertir ciertos aspectos que tomó en consideración el respetado juzgador de hechos para emitir su dictamen. Sostiene que para todo fin práctico, Instancia dictó la sentencia "en rebeldía", pues evaluó la prueba y adjudicó el caso sin su presencia. Finalmente, alega que el efecto de la determinación del foro sentenciador redunda en una injusticia al atribuírsele actos que son únicamente imputables al licenciado Milán Muñiz. No le asiste la razón. Veamos.

De entrada, precisa enfatizar en el hecho de que el peso de probar la existencia de negligencia excusable según lo requiere la Regla 49.2 (1) de Procedimiento Civil recae sobre el afectado por la sentencia, y es éste quien debe justificar su postura por preponderancia de la prueba. *Díaz v. Tribunal Superior,* 93 D.P.R. 79, 89 (1966). En ese sentido, el Tribunal Supremo ha expresado que "[n]o debe relevarse a una parte de las consecuencias producidas por la falta o negligencia de su abogado, a menos que se trate de un caso extraordinario donde de otra suerte resultaría un completo fracaso de la justicia". *Méndez Pérez v. Tribunal Superior,* 101 D.P.R. 87, 93 (1973). Lo anterior se cimienta sobre el hecho de que, de ordinario, los litigantes escogen libremente a sus representantes legales y se presume que los primeros han tenido aviso sobre todos los hechos y actos que le han sido notificados al abogado. *Díaz v. Tribunal Superior, supra,* pág. 88.

Ahora bien, resulta indispensable diferenciar los hechos del caso de *Méndez Pérez v. Tribunal Superior, supra,* que llevaron al Tribunal Supremo a conceder la solicitud de relevo de sentencia. Allí, el abogado incurrió en actos patentes de crasa negligencia que provocaron el abandono del caso. Delegó en otro abogado la representación legal de su cliente, sin el consentimiento de éste. No empece a lo anterior, el "nuevo" abogado no protegió debidamente los intereses del cliente al dejarlo sin representación en varias vistas de seguimiento del caso y dejó de contestar un pliego de interrogatorio que le cursado a su cliente. Ante tal dejadez, el tribunal de instancia desestimó la demanda y procedió a declarar con lugar una reconvención, condenándolo al pago de $82,500.00 por daños y perjuicios.

Como se percibe, el cuadro fáctico que suscitó la controversia en *Méndez Pérez,* es completamente distinguible de los hechos del caso de epígrafe. Aquí, el propio peticionario expresa que estuvo presente en varias vistas del caso, pero que posteriormente dejó de asistir. Argumenta que ello se debió a que tenía una condición de salud que le impedía acudir a los señalamientos. No obstante, surge diáfanamente del expediente, específicamente de la Sentencia dictada, que si bien el señor Morales Fuentes no estuvo presente durante la vista en su fondo, sus intereses sí estuvieron resguardados por quien en aquel momento era su abogado, el licenciado Milán Muñiz. Ello debido a que este último tuvo la oportunidad de contrainterrogar al testigo de la parte contraria, argumentó el caso a su favor y hasta pidió excusas por su cliente. En lo que a esto último respecta, es innegable que Instancia le garantizó un debido proceso de ley al señor Morales Fuentes, quien aunque no estuvo presente físicamente, sus intereses fueron defendidos por su representante legal. Cualquier

defensa que hubiese tenido el peticionario debía traerse ante la atención del tribunal a través de su abogado, por lo que la alegación de que tenía serias y fuertes defensas que controvertían las alegaciones de la señora Ramírez Méndez son inmeritorias.

Recordemos que una vez una persona acude a un abogado para que éste represente sus intereses ante los tribunales, es a través de él que se deben canalizar las incidencias del caso. Es decir, una vez una persona tiene representante legal, este último se convierte en su voz ante los tribunales. El señor Morales Fuentes tenía la potestad de prescindir de los servicios del licenciado Milán Muñiz en una etapa previa del proceso; sin embargo, no lo hizo. No intervenir con la Sentencia del 5 de noviembre de 2008 no provocaría un fracaso a la justicia, según lo entendió el Tribunal Supremo en *Méndez Pérez*. Resolver de otra forma abriría las puertas a un constante relitigio de las causas por razones que no tienen cabida dentro de nuestro ordenamiento jurídico.

La ausencia de notificación directa a un litigante debidamente representado por abogado, no se ajusta a los criterios que ha esbozado el Tribunal Supremo para relevar de los efectos de una sentencia a la parte perdidosa. Más aún, cuando la propia Regla 67.2 de Procedimiento Civil dispone que una vez una parte está representada por abogado, toda notificación deberá dirigirse al abogado, salvo que el tribunal disponga lo contrario. 32 L.P.R.A. Ap. III, R. 67.2.

Ante lo acaecido en este caso, tampoco podemos avalar la interpretación del peticionario de que el juicio en su ausencia constituyó una anotación y celebración de una vista en rebeldía. Su abogado compareció y realizó la labor de defender sus intereses mediante la utilización del contrainterrogatorio y la argumentación de su caso. La falta de comunicación entre abogado y cliente en este caso no es justificación para dejar sin efecto lo determinado en Instancia. Tampoco constituye la rebeldía que se dispone en nuestro ordenamiento.

A tenor con las expresiones precedentes y luego de evaluar con cuidado el cuadro fáctico expresado, entendemos que no está presente ninguno de los criterios de la Regla 40 de nuestro Reglamento que justifique trastocar el dictamen de Instancia.

## VI. Disposición del caso

Por los fundamentos expresados, denegamos la expedición del auto de *Certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 108

**1.** Verificados los anejos que se acompañaron al recurso ante nos, la Sentencia fue notificada al Lcdo. Eric Milán Muñiz, abogado del señor Morales Fuentes, a la dirección que obraba en sus escritos.

**2.** Asumimos que la moción de renuncia fue acogida, pues Instancia posteriormente dictó Orden sobre la cual se recurre en atención a la "Moción al amparo de la Regla 49.2, para que se levante rebeldía y asumiendo representación legal", que fue presentada por otro abogado (Lcdo. Gerán González Acevedo). No consta de los anejos del recurso ninguna orden disponiendo sobre la renuncia de la representación legal del licenciado Milán Muñiz.