Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| COOPERATIVA DE AHORRO Y CRÉDITO DE AGUADA AHORA COOPERATIVA DE AHORRO Y CRÉDITO DE CAMUY<br><br>Recurrido<br><br>V.<br><br>LUIS ÁNGEL JIMÉNEZ RAMÍREZ<br><br>Peticionario | KLCE202401094 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca<br><br>Caso Núm.: A CD2013-0034 (601) |

Panel integrado por su presidente, el Juez Rodríguez Casillas, Juez Marrero Guerrero y Juez Campos Pérez.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece ante nos el Sr. Luis Ángel Jiménez Ramírez (señor Jiménez Ramírez o Peticionario), para que revoquemos la *Resolución* emitida el 25 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI), en la que denegó paralizar los procesos de lanzamiento.[1] También, solicita la revisión de la *Resolución y Orden* emitida el 2 de octubre de 2024 por el TPI mediante la cual denegó declarar la nulidad de sentencia final y firme emitida en el 2015.[2]

Examinada la totalidad del expediente, resolvemos **denegar** la expedición del auto de *certiorari* solicitado. Veamos.

**-I-**

El **19 de febrero de 2013** la Cooperativa de Ahorro y Crédito de Aguada (Cooperativa o Recurrido) presentó una *Demanda* sobre

---

[1] Notificada el 26 de septiembre de 2024. Apéndice 8 de la *Petición de Certiorari*, págs. 28-29.
[2] Notificada el 3 de octubre de 2024. *Íd.*, Apéndice 10, págs. 37-38.

cobro de dinero y ejecución de hipoteca por la vía ordinaria.[3] Tras varios trámites procesales, el **22 de enero de 2015** el TPI dictó *Sentencia* y declaró *Con Lugar* la reclamación en cobro de dinero en contra del Peticionario.[4]

Conforme a lo anterior, el **7 de agosto de 2015** el TPI expidió una *Orden de Ejecución de Sentencia*.[5] El **21 de agosto de 2015** el Alguacil Carlos Rivera López expidió un *Edicto de Subasta* para los días 17 y 24 de septiembre de 2015 y 1 de octubre de 2015.[6] Sin embargo, el **24 de agosto de 2015** el señor Jiménez Ramírez, representado por el Lic. Luis D. Flores González, radicó un **primer** caso con número 15-06482-11, de petición de quiebra bajo el Capítulo 11.[7]

Transcurridos varios años, el **5 de abril de 2018** la Cooperativa presentó una *Moción Solicitando Ejecución de Sentencia*. Destacó que se había levantado la paralización automática *(automatic stay)* en relación con los préstamos del Peticionario.[8] El **14 de mayo de 2018** el TPI expidió otra *Orden de Ejecución de Sentencia*.[9] El **26 de junio de 2018** el Alguacil Carlos Rivera López expidió otro *Edicto de Subasta* para los días 8, 15 y 22 de agosto de 2018.[10]

El **6 de noviembre de 2018**, el Peticionario presentó otra *Moción Solicitando la Paralización de los Procedimientos* por el caso número 19-04482-13, para una **segunda** petición de quiebra bajo el Capítulo 13 radicada el 7 de agosto de 2018.[11] Así las cosas, el **26**

---

[3] *Íd.*, Apéndice 1, págs. 1-10.
[4] Notificada el 26 de enero de 2024. Apéndice 1 de la *Oposición a Expedición de Auto de Certiorari*, págs. 1-12.
[5] *Íd.*, Apéndice 2, págs. 13-17.
[6] *Íd.*, Apéndice 3, págs. 18-21.
[7] *Íd.*, Apéndice 4, pág. 22.
[8] *Íd.*, Apéndice 5, págs. 23-25.
[9] Apéndice 2 de la *Petición de Certiorari*, págs. 11-17.
[10] Apéndice 6 de la *Oposición a Expedición de Auto de Certiorari*, págs. 26-29.
[11] *Íd.*, Apéndice 7, págs. 30-32.

**de noviembre de 2018** el TPI emitió una *Resolución* donde ordenó la paralización y archivo administrativo del caso.[12]

Más adelante, el **10 de agosto de 2020** la Cooperativa presentó una *Moción Solicitando la Continuación de la Procedimientos*, debido a que la segunda petición de quiebra había sido desestimada.[13]

El **27 de agosto de 2020** el TPI autorizó la reapertura de los procedimientos.[14] Luego de varios trámites procesales, el **13 de julio de 2021** el Alguacil del Tribunal de Primera Instancia, Sala Superior de Aguadilla, expidió las correspondientes actas de las subastas, donde se adjudicaron las propiedades a la Cooperativa.[15]

El **21 de julio de 2021** la Cooperativa presentó una *Moción Solicitando Dejar sin Efecto Subasta y Paralización de los Procedimientos*, debido a que el señor Jiménez Ramírez volvió a radicar una **tercera** petición de quiebra bajo el Capítulo 13, esta vez con el caso número 02107-MCF13.[16] Enterado, el **30 de agosto de 2021** el TPI emitió una *Resolución* donde ordenó la paralización y archivo administrativo del caso.[17]

Pasado un tiempo, el **9 de marzo de 2023** el Tribunal Federal de la Corte de Quiebra emitió una orden desestimando el caso, con una **prohibición de un año** para volver a radicar otra solicitud para acogerse a la Ley de Quiebras.[18] El **4 de mayo de 2023** el TPI ordenó la reapertura de los procedimientos.[19]

El **19 de julio de 2023** el Peticionario radicó una *Moción Solicitando Prórroga*, donde aceptó que la Sentencia dictada el 22 de enero de 2015 era final, firme y ejecutable, por lo que solicitó tiempo

---

[12] *Íd.*, Apéndice 8, pág. 33.
[13] *Íd.*, Apéndice 9, págs. 34-35.
[14] *Íd.*, Apéndice 10, pág. 36.
[15] *Íd.*, Apéndice 11, págs. 37-44.
[16] *Íd.*, Apéndice 12, págs. 45-46.
[17] Notificada el 3 de septiembre de 2021. Apéndice 13 de la *Oposición a Expedición de Auto de Certiorari*, págs. 47-48.
[18] *Íd.*, Apéndice 14, pág. 49.
[19] *Íd.*, Apéndice 15, pág. 50.

para llegar a un acuerdo con la Cooperativa.[20] No obstante, el **1 de agosto de 2023** el TPI emitió un *Orden de Ejecución de Sentencia y Venta de Bienes*.[21] Con relación a la solicitud de prórroga, el **4 de agosto de 2023** el foro *a quo* determinó "NADA QUE PROVEER".[22]

El **8 de agosto de 2023** el TPI emitió el *Mandamiento de Ejecución*.[23] A esos efectos, el **23 de agosto de 2023** la Alguacil Carol Chalmers Soto expidió un *Edicto de Subasta* para los días 6, 13 y 20 de diciembre de 2023.[24]

Insatisfecho, el **1 de diciembre de 2023** el señor Jiménez Ramírez radicó una *Moción Urgente Solicitando la Paralización de Subasta y Solicitud de Mediación Compulsoria y Preservación de Hogar de Vivienda Principal*,[25] pero el TPI la declaró *No Ha Lugar* ese mismo día.[26]

El **5 de diciembre de 2023** el señor Jiménez Ramírez volvió a radicar una **cuarta** petición de quiebra.[27] El **8 de diciembre de 2023** la Cooperativa presentó una *Moción urgente*, informando al TPI que, a pesar de que le notificó al alguacil que el señor Jiménez Ramírez estaba impedido de radicar quiebra, la subasta fue suspendida.[28] El **12 de diciembre de 2023** el TPI le concedió cinco (5) días al Peticionario para presentar la Petición de Quiebras, como evidencia de su presentación.[29]

El **27 de diciembre de 2023** la Cooperativa radicó una *Moción* a los efectos de señalar el incumplimiento del Peticionario.[30] El **28 de diciembre de 2023** el Tribunal Federal de Quiebras emitió una orden a los efectos de informar que el señor Jiménez Ramírez actuó

---

[20] *Íd.*, Apéndice 16, págs. 51-52.
[21] *Íd.*, Apéndice 18, págs. 54-59.
[22] Notificada el 8 de agosto de 2023. *Íd.*, Apéndice 17, pág. 53.
[23] *Íd.*, Apéndice 19, pág. 60.
[24] Apéndice 20 de la *Oposición a Expedición de Auto de Certiorari*, págs. 61-65.
[25] *Íd.*, Apéndice 21, págs. 66-86.
[26] *Íd.*, Apéndice 22, págs. 87-88.
[27] *Íd.*, Apéndice 23, pág. 89.
[28] *Íd.*, Apéndice 24, págs. 90-93.
[29] *Íd.*, Apéndice 25, pág. 94.
[30] *Íd.*, Apéndice 26, pág. 95.

de **mala fe** al radicar la cuarta solicitud de quiebra cuando lo tenía prohibido por el término de un (1) año.[31]

Luego de varios trámites procesales, el **30 de enero de 2024** el Alguacil Esteban Atiles Feliciano expidió un *Edicto de Subasta* para los días 27 de febrero de 2024, 5 y 12 de marzo de 2024.[32] El **21 de febrero de 2024** el Peticionario presentó una *Moción Urgente para Solicitar la Suspensión de los Procedimientos de Subasta Judicial y Celebración de Vista*,[33] pero al día siguiente el TPI la declaró No Ha Lugar.[34]

Finalmente, el **5 de marzo de 2024**, enmendada el 8 de abril de 2024, el TPI emitió *Orden de Confirmación de Adjudicación o Venta Judicial.*[35] El **5 de abril de 2024** y el **23 de abril de 2024** se otorgaron las correspondientes escrituras de *Venta Judicial y Cancelación de Pagaré.*[36] El **23 de abril de 2024** la Cooperativa presentó una *Moción Solicitando Orden y Mandamiento de Lanzamiento.*[37] Según solicitado, el **10 de junio de 2024** el TPI emitió una *Orden de lanzamiento.*[38]

El señor Jiménez Ramírez radicó el **27 de junio de 2024** una *Solicitud de Paralización Provisional de Orden de Lanzamiento.*[39] El TPI solicitó a la Cooperativa que expusiera su posición.[40] El **6 de agosto de 2024** la Cooperativa cumplió con lo ordenado, mediante la presentación de una *Oposición a solicitud de paralización de orden de lanzamiento*. Allí, hizo constar que era el actual titular del inmueble.[41]

---

[31] Apéndice 27 de la *Oposición a Expedición de Auto de Certiorari*, pág. 96.
[32] *Íd.*, Apéndice 28, págs. 97-107.
[33] Apéndice 3 de la *Petición de Certiorari,* págs. 18-21.
[34] Apéndice 29 de la *Oposición a Expedición de Auto de Certiorari*, pág. 102.
[35] *Íd.*, Apéndice 30, págs. 103-106.
[36] *Íd.*, Apéndices 31 y 32, págs. 107-151.
[37] *Íd.*, Apéndice 33, págs. 152-153.
[38] Apéndice 4 de la *Petición de Certiorari,* pág. 22.
[39] *Íd.*, Apéndice 5, págs. 23-24.
[40] Apéndice 34 de la *Oposición a Expedición de Auto de Certiorari,* págs. 154-155.
[41] *Íd.*, Apéndice 35, pág. 156.

El **12 de septiembre de 2024** el Peticionario presentó una *Moción Informativa y Solicitud de Cumplimiento*. Alegó que había llegado a un acuerdo verbal con la Cooperativa y solicitó que se suspendiera la orden de lanzamiento.[42] El **25 de septiembre de 2024** mediante *Resolución* el TPI indicó *"Nada que proveer"*.[43]

El **30 de septiembre de 2024** el señor Jiménez Ramírez, representado por su nueva representación legal el Lic. José F. Gierbolini Bonilla, presentó una *Urgente Acción Independiente de Nulidad de Sentencia Dentro del Mismo Pleito, Moción de Reconsideración al Amparo de la Regla 47 de las de Procedimientos Civil Vigentes, Solicitud Para Que Se Detenga Lanzamiento y Para Asumir Representación Legal.*[44]

Mediante *Resolución y Orden* del **2 de octubre de 2024**, el TPI autorizó al licenciado como representante legal, y declaró *"NO HA LUGAR"* la solicitud de nulidad de sentencia y reconsideración al amparo de la Regla 47 de Procedimiento Civil y a la solicitud para que se detenga lanzamiento.[45]

Insatisfecho, el **9 de octubre de 2024** el señor Jiménez Ramírez presentó un recurso de *certiorari* y alegó la comisión de dos (2) errores:

1) *ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO ACOGER LA MOCIÓN DE RECONSIDERACIÓN DE LA PARTE RECURRENTE Y, EN CONSECUENCIA NO DETENER EL LANZAMIEN[T]O DE LA PARTE RECURRENTE DE SU VIVIENDA PRINCIPAL, CUANDO DICHA MOCIÓN DE RECONSIDERACIÓN Y LA DISCUSIÓN QUE SE RECOGE EN ESTE AUTO DE CERTIORARI PONEN DE MANIFIESTO QUE PROCEDE DECLARAR LA NULIDAD DE LA SENTENCIA Y LOS PROCEDIMIENTOS DE ESTE CASO Y RELEVAR A LA PARTE RECURRENTE DE DICHA SENTENCIA Y PROCEDIMIENTOS DE CONFORMIDAD CON LA REGLA 49.2 DE LAS DE PROCEDIMIENTO CIVIL, SUPRA.*
2) *ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO ACOGER LA MOCIÓN DE*

---

[42] Apéndice 6 de la *Petición de Certiorari*, págs. 25-26.
[43] *Íd.*, Apéndice 8, págs. 28-29.
[44] *Íd.*, Apéndice 9, págs. 30-36.
[45] *Íd.*, Apéndice 10, págs. 37-38.

*RECONSIDERACIÓN DE LA PARTE RECURRENTE, PORQUE SI BIEN ACEPTÓ LA SOLICITUD DE REPRESENTACIÓN LEGAL DEL ABOGADO SUSCRIBIENTE QUE SE RECOGE EN DICHA MOCIÓN, NO PERMITIÓ LA SOLICITUD DE EXTENSIÓN DE TIEMPO DE TREINTA (30) DÍAS PARA FAMILIARIZARSE CON EL EXPEDIENTE FÍSICO DE DICHO CASO, LIMITANDO ASÍ LA CAPACIDAD DE LA PARTE RECURRENTE DE DEFENDERSE ADECUADAMENTE EN ESTE CASO.*

Tras varias incidencias procesales, el **21 de octubre de 2024** compareció la Cooperativa mediante el escrito intitulado: *"OPOSICIÓN A EXPEDICIÓN DE AUTO DE CERTIORARI"*. Habiendo comparecido ambas partes, dimos por sometido el asunto.

**-II-**

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[46] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[47]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*[48]

---

[46] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[47] *García v. Asociación,* 165 DPR 311, 321 (2005).

[48] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

(A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
(B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
(C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[49]

En ese sentido, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[50]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[51]

**-B-**

La Regla 49.2 de Procedimiento Civil establece el mecanismo procesal que se tiene disponible para solicitar al TPI el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos.[52] En ese sentido, la Regla 49.2 dispone:

*Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su*

---

[49] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[50] *Zorniak Air Services v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).
[51] *SLG Zapata- Rivera v. JF Montalvo,* 189 DPR 414, 434 – 435 (2013).
[52] *García Colón et al. v. Sucn. González,* 178 DPR 527, 539 (2010).

*representante legal de una sentencia, orden o procedimiento por las razones siguientes:*

*(a) error, inadvertencia, sorpresa o negligencia excusable;*

*(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*

*(c) fraude (incluso el que hasta ahora se ha denominado —intrínseco y el también llamado —extrínseco), falsa representación u otra conducta impropia de una parte adversa;*

*(d) nulidad de la sentencia;*

*(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o*

*(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

*[…] La moción se presentará dentro de un término razonable, **pero en ningún caso después de transcurrido seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento**. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:*

*1) **conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;***

*2) conceder un remedio a una parte que en realidad **no haya sido emplazada**, y*

*3) dejar sin efecto una sentencia por motivo de **fraude al tribunal**. […]*[53]

En cuanto a este caso, el inciso (d) de la Regla 49.2 de Procedimiento Civil, otorga al Tribunal la facultad de relevar a una parte de los efectos de una sentencia —aun después de transcurrido el referido término de seis (6) meses— cuando se determine su nulidad. Bajo ese palio, una sentencia es nula cuando se ha dictado sin jurisdicción sobre la **persona o la materia, o mediante fraude al tribunal, o cuando al dictarla se ha quebrantado el debido proceso de ley en el cual se privó a una parte de la notificación o de la oportunidad de ser oída**.[54] Así, por ejemplo, se ha resuelto que la ausencia de una **parte indispensable** es una violación al

---

[53] 32 LPRA Ap. V, R. 49.2. Énfasis nuestros.
[54] *García Colón et al. v. Sucn. González, supra,* a la pág. 543.

debido proceso de ley que conlleva obligatoriamente el relevo de la sentencia.[55]

Así pues, si una sentencia es nula, tiene que dejarse sin efecto independientemente de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses que establece la Regla 49.2 de Procedimiento Civil.[56] No obstante, el lenguaje es claro al establecer que tal impugnación deberá ser en un **pleito independiente y bajo las estrictas condiciones allí dispuestas**.

Lo antes dicho obedece a que la jurisprudencia ha establecido —como norma procesal reiterada— que la Regla 49.2 no puede utilizarse en sustitución de los recursos de revisión y reconsideración.[57] Nuestro Alto Foro ha señalado que la figura procesal del relevo de sentencia al amparo de la mencionada Regla, no significa que es una llave maestra para abrir todo asunto previamente adjudicado.[58]

### -III-

En suma, el señor Jiménez Ramírez señala que el TPI erró y abusó de su discreción al no acoger la moción de reconsideración de la parte recurrente. De igual modo, alega que el foro recurrido incidió al no detener el lanzamiento de su vivienda principal.

De entrada, resolvemos que el Peticionario pretende utilizar como subterfugio la moción de relevo de la Regla 49.2 de Procedimiento Civil para re litigar el asunto del lanzamiento de su vivienda principal que ha sido reiterado por el TPI en varias instancias procedente de una sentencia final y firme que fue emitida válidamente en cumplimiento del debido proceso sustantivo y procesal.

---

[55] *HRS Erase v. CMT,* 205 DPR 689, 699 (2020).
[56] *Íd.*
[57] *Vega v. Emp. Tito Castro, Inc.*, 152 DPR 79, 87 (2000).
[58] *Id.*

De igual modo y referente a las órdenes recurridas, somos del criterio que conforme a los hechos del caso y al derecho aplicable, las mismas constituyen una determinación correcta en derecho y dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad para manejar los procesos judiciales de la manera que entiendan más adecuada.

Todavía más, el TPI declaró *Con Lugar* la reclamación en cobro de dinero en contra del Peticionario el **22 de enero de 2015** mediante una sentencia final y firme. En ese sentido, la citada Regla 49.2 permite presentar una moción dentro de un término razonable, **pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia**, a menos que se presente en un pleito independiente y por las estrictas razones de falta de jurisdicción sobre la **persona o la materia, o mediante fraude al tribunal, o cuando al dictarla se ha quebrantado el debido proceso de ley en el cual se privó a una parte de la notificación o de la oportunidad de ser oída.**

Nada de lo antes establecido está presente en el caso de epígrafe. Es decir, estamos ante un caso que a todas luces, no presenta ninguna de las circunstancias contempladas en la referida Regla 49.2 de Procedimiento Civil. Tampoco se cumple ninguno de los criterios de la Regla 52.1 de Procedimiento Civil, *supra,* que nos motive a expedir el auto de *certiorari* solicitado. De igual modo, no encontramos justificación alguna para intervenir con las órdenes recurridas, a la luz de los criterios establecidos en la Regla 40 de este Tribunal de Apelaciones, *supra.*

A lo antes dicho, cabe destacar que el Peticionario no señaló prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Así, en el ejercicio de la sana discreción que nos permite la Regla 40

del Tribunal Apelaciones, *supra,* resolvemos denegar la expedición del auto de *certiorari.*

### -IV-

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones