ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOSÉ R. MARRERO RÍOS<br><br>Peticionario<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Recurrido | TA2025CE00073 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV07612<br><br>Sobre:<br>Mandamus |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de agosto de 2025.

José R. Marrero Ríos (Peticionario o Marrero Ríos) solicita la revisión de la *Resolución* que emitió el Tribunal de Primera Instancia, Sala de San Juan, el 20 de junio de 2025. Mediante esta, el foro primario denegó la *Moción en Solicitud de Relevo de Sentencia* que presentó Marrero Ríos.

Evaluado el recurso, procede denegarlo.

## I.

El 20 de agosto de 2024, José R. Marrero Ríos (Marrero Ríos o peticionario) presentó una demanda de *Mandamus* ante el foro de primera instancia. En síntesis, alegó que desde el año 1999 la Policía de Puerto Rico le otorgó la licencia de guardia de seguridad independiente, al cumplir con todos los requisitos de ley. Que desde entonces, ha mantenido su licencia activa según la Ley Núm. 108-1965, Ley de Detectives Privados. Sostuvo que el 28 de diciembre de 2022, se presentó en la División de Detectives Privados con el fin de renovar su licencia de guardia de seguridad

independiente y que el director de la División de Detectives privados le denegó ésta. Indicó que, tras ello, el 8 de junio de 2023, se celebró una vista ante el oficial examinador, Adán Santiago Velázquez, funcionario de la Policía de Puerto Rico. Adujo que desde la celebración de la vista administrativa, la agencia incumplió el término de veinte (20) días, posterior a la celebración de la vista administrativa, para resolver el asunto. Ello de conformidad al Artículo 26 de la Ley para Regular las Profesiones de Detectives Privados y Guardias de Seguridad en Puerto Rico, Ley 108-1965, según enmendada, 25 LPRA sec. 285x.

Añadió que los funcionarios incumplieron su deber ministerial de otorgar las licencias y que agotó el remedio administrativo de la agencia del cual no existe un remedio adicional. En consecuencia, solicitó al foro primario declarar con lugar el recurso de *Mandamus* y ordenar al Secretario de Seguridad Publica, el Hon. Alexis Torres Ríos y al Teniente Héctor Medina, en su carácter oficial, a conceder la licencia de guardia de seguridad independiente, pues los funcionarios incumplieron con su deber ministerial.

El 6 de septiembre de 2024, compareció el Gobierno de Puerto Rico, mediante una *Moción de Desestimación*, al amparo de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V. En esencia, arguyó que el Negociado de la Policía no tenía un deber ministerial de actuar, toda vez que la Ley de Detectives no le aplicaba a personas que ejercen la profesión de guardia de seguridad de manera independiente. Además, argumentaron que el Negociado había emitido una Resolución el 30 de agosto de 2024, en la cual advirtió al peticionario de su derecho a presentar reconsideración, así como, de solicitar revisión al Tribunal de

Primera Instancia. Sostuvo que, de este modo, existía un remedio adecuado en ley lo cual excluye al *mandamus* como vehículo procesal para dirimir los asuntos que planteó el demandante.[1]

Junto a su escrito acompañó la Resolución que emitió el Departamento de Seguridad Pública, Negociado de la Policía de Puerto Rico, el 30 de agosto de 2024, notificada el 3 de septiembre del mismo año. En referida resolución, el Negociado declaró *No Ha Lugar* la solicitud de licencia de guardia de seguridad del recurrente. El Negociado adujo que no tenía autoridad en ley para emitir una licencia de guardia de seguridad independiente, en virtud del Artículo 31 de la Ley 108-1965, del Art. 8.13 del Reglamento para Administrar la Ley para Regular las Profesiones de Detectives Privados y Guardias de Seguridad en Puerto Rico, Reglamento Núm. 9262, de 17 de febrero de 2021 y del precedente establecido en el caso de <u>Wackenhut Corp. v. Rodríguez Aponte</u>, 100 DPR 518 (1972). En referida *Resolución*, el Negociado impartió las instrucciones para solicitar Reconsideración en la Oficina de Asuntos Legales de la Policía de Puerto Rico. Así mismo indicó el proceso a seguir para solicitar revisión ante la Sala de San Juan del Tribunal de Primera Instancia de Puerto Rico, a tenor con el Artículo 16 de la Ley 108-1965, 25 LPRA sec. 285n.[2]

El 11 de septiembre de 2024, Marrero Ríos, representado por su abogado, presentó una *Moción en Cumplimiento de Orden en Solicitud de Réplica a Desestimación Radicada*. Expuso las razones para oponerse a la solicitud de desestimación. Adujo que no había recibido la aludida *Resolución* que emitió el Negociado.[3]

---

[1] Revisado del Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B, entrada 21.
[2] SUMAC, entrada 21, apéndice 1.
[3] SUMAC, entrada 25.

El 16 de septiembre de 2024,[4] el Gobierno Luego de Puerto Rico, interpuso una *Dúplica a Réplica de Moción de Desestimación*. Reiteró su petitorio de desestimación, debido a que la parte demandante tenía que presentar un recurso de revisión ante el Tribunal de Primera Instancia de San Juan. Señaló que, en la medida que esté disponible ese proceso, el Tribunal estaba privado de atender los señalamientos de la parte demandante mediante el recurso de *mandamus*.

Ese mismo día, 16 de septiembre de 2024, Marrero Ríos, presentó una *Moción Suplementaria e Informativa*. Alegó que el Negociado no le había notificado la aludida Resolución a su dirección postal, sino que lo hicieron en esa misma mañana por correo electrónico.

Así las cosas, el 19 de septiembre de 2024, el foro primario emitió una Sentencia. Determinó que la parte demandante tenía disponible el recurso de revisión judicial, en atención a la Resolución notificada el 3 de septiembre de 2024, con las advertencias correctas. Que ello equivale al remedio adecuado en ley, lo cual tornaba en improcedente el recurso extraordinario de *mandamus*. Indicó que, era evidente que la notificación de la Resolución con las advertencias correctas tornó el reclamo que dio origen a este caso en académico. Expresó además que, "[m]ás aun, y dado que aún existe un procedimiento administrativo en curso con relación a la misma controversia (pues aún están transcurriendo los términos para solicitar reconsideración o recurrir en alzada), también se debe tener presente la doctrina de agotamiento de remedios administrativos."[5] Luego de otras

---

[4] SUMAC, entrada 27.
[5] SUMAC, entrada 33, página 13.

expresiones, el foro primario, desestimó la demanda, al amparo de la Regla 10.2 de Procedimiento Civil, *supra*.

Mientras tanto, el 23 de septiembre de 2024 el señor Marrero Ríos interpuso un recurso de *Revisión Administrativa*, ante este Tribunal de Apelaciones, asignado al KLRA202400523. Allí solicitó la revisión de la *Resolución*, aquí reseñada, que emitió el Negociado de la Policía de Puerto Rico el 30 de agosto de 2024 y notificada el 3 de septiembre del mismo año. En ella, el Negociado denegó al recurrente su solicitud de licencia de guardia de seguridad independiente.

El 7 de noviembre de 2024, el panel designado emitió una *Sentencia* en la cual desestimó la acción por falta de jurisdicción. Ello, porque el recurso se presentó el 23 de septiembre del mismo año, cuando el término vencía el 13 de septiembre de 2024. Además, porque se presentó ante el foro incorrecto, pues la Ley de Detectives disponía que el recurso se presentara ante la Sala de San Juan del Tribunal de Primera Instancia.

De esta determinación, el señor Marrero Ríos acudió al Tribunal Supremo en la causa CC-2024-0769.[6] El 24 de enero de 2025, el Tribunal Supremo determinó *No Ha Lugar* a la solicitud de *certiorari* que presentó el señor Marrero Ríos. El 22 de mayo de 2025 este foro apelativo emitió el Mandato.[7]

Así las cosas, el 11 de junio de 2025, el señor Marrero Ríos interpuso una *Moción en Solicitud de Relevo de Sentencia* por nulidad al amparo de la Regla 49.2 (4) de Procedimiento Civil. Adujo que la sentencia que dictó el foro primario era nula debido a que la ley del caso fue establecida por el foro administrativo el 19 de agosto de 2019, reiterada el 21 de agosto de 2019, cuando

---

[6] SUMAC, entrada 35, página 4.
[7] Tomamos conocimiento judicial de la causa KLRA202400523.

se declaró HA LUGAR la concesión de la licencia de guardia de seguridad independiente. Agregó que la Resolución que emitió el Negociado de la Policía el 30 de agosto de 2024, notificada el 3 de septiembre del mismo año, incumplió con la notificación que exige la sección 3.14 de la Ley de Procedimiento Administrativo Uniforme, 3 LPRA sec. 9654. Ello, pues no fue emitida dentro de los noventa (90) días de concluida la vista administrativa celebrada el 8 de junio de 2023. Alegó, también que, "emitieron una resolución cuyo contenido no guarda relación alguna con el contenido de la vista aquí reseñada. Esto induce a error a esta Honorable Curia de Instancia, con el efecto de declararse sin jurisdicción al igual que posteriormente el Tribunal de Apelaciones, en el caso KLRA202400523 y el Tribunal Supremo en el caso TS: CC-2024-0769."[8] Sostuvo que la Resolución emitida el 30 de agosto de 2024 era nula por violentar el Debido Proceso de Ley de Marrero Ríos. En consecuencia, manifestó que la sentencia que emitió el foro primario también era nula.

Ese mismo día, el Tribunal declaró *No Ha Lugar* la petición de relevo de sentencia.[9] El 17 de junio de 2025 el señor Marrero Ríos solicitó reconsideración y esta fue denegada el 20 de junio de 2025.[10]

En desacuerdo, Marrero Ríos presentó el recurso de *certiorari* que hoy nos ocupa en el que formuló el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Instancia al denegar la apertura del asunto de epígrafe al amparo de la Regla 49.2 de Procedimiento Civil, en violación al derecho del Apelante cuando, se le notificó a esta Curia de Instancia que hubo defectos en el proceso administrativo, por violación al debido procedimiento de ley.

---

[8] SUMAC, entrada 35, página. 8
[9] SUMAC, entradas 35 y 36.
[10] SUMAC, entradas 37 y 38.

El Gobierno de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico presentó su oposición al recurso. Con el beneficio de ambos escritos, disponemos.

## II.

## A.

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es el mecanismo procesal que le permite al foro primario relevar a una parte de una sentencia cuando esté presente alguno de los fundamentos enumerados en referida regla. Pérez Ríos et al v. CPE, 213 DPR 203, 214 (2023). Esta regla provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones. Pérez Ríos et al v. CPE, *supra*; García Colón v. Sucn. González, 178 DPR 527, 543 (2010); Ortiz Serrano v. Ortiz Díaz, 106 DPR 445, 449 (1977).

En lo pertinente, la regla indica:

Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

32 LPRA Ap. V, R. 49.2*;* HRS Erase v. CMT, 205 DPR 689, 697 (2020).

Agrega la Regla 49.2, *supra*, que "[l]a moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos."

Esta regla no limita el poder del tribunal para:

(1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;

(2) conceder un remedio a una parte que en realidad no haya sido emplazada, y

(3) dejar sin efecto una sentencia por motivo de fraude al tribunal.  Regla 49.2, *supra*.

A pesar de que la Regla 49.2 de Procedimiento Civil, *supra*, se interpreta liberalmente, el Tribunal Supremo ha advertido que esta no constituye una "llave maestra" para reabrir controversias y no debe ser utilizada en sustitución de un recurso de revisión o una moción de reconsideración. García Colón *et al.* v. Sucn. González, 178 DPR 527, 541 (2010). Esto es, la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba. Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. García Colón *et al.* v. Sucn. González, *supra*, págs. 542-543.

Aun cuando se demuestre la existencia de uno de los fundamentos expuestos en la Regla 49.2 de Procedimiento Civil, es una decisión **discrecional** del tribunal relevar a una parte de

los efectos de una sentencia, salvo que en los casos de nulidad o cuando la sentencia haya sido satisfecha. Pérez Ríos et al v. CPE, *supra*, pág. 215. Por ende, el Tribunal tiene la autoridad de dejar sin efecto una sentencia cuando esta resulta nula o inexistente. Rivera v. Jaume, 157 DPR 562, 574 (2002).

Atinente a lo que nos ocupa, una sentencia se considera nula cuando se ha dictado sin jurisdicción o en violación del debido proceso de ley. SLG Rivera-Pérez v. SLG Díaz-Doe *et al.*, 207 DPR 636, 657 (2021); HRS Erase v. CMT, *supra*, pág. 699; García Colón *et al.* v. Sucn. González, *supra,* pág. 543; E.L.A v. Tribunal Superior, 86 DPR 692, 697-698 (1962). En este caso, la parte afectada puede solicitar el relevo de sentencia, independientemente del plazo de seis (6) meses establecido por la referida regla. Bco. Santander P.R. v. Fajardo Farms Corp., 141 DPR 237, 244 (1996).

Asimismo, el Tribunal Supremo ha extendido el mecanismo de relevo de sentencia a las **determinaciones administrativas**, sin embargo, en estos casos la parte tiene que demostrar que cumple con los requisitos de la Regla 49.2 de Procedimiento Civil, *supra,* o sea, traer a la atención del organismo administrativo los hechos y las razones que justifican la concesión del relevo que solicita. También deberá demostrar que en todo momento ha sido diligente en la tramitación del asunto de que se trate. Vega v. Emp. Tito Castro, Inc., 152 DPR 79, 88 (2000); Neptune Packing Corp. v. Wackenhut Corp., 120 DPR 283, 292 (1988); ver, además, De Jesús Viñas v. González Lugo, 170 DPR 499, 514 (2007).

**B.**

El trámite adecuado para atender asuntos post sentencia es el recurso de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314,

336 (2023); IG Builders et al. v. BBVAPR, 185 DPR 307, 339 (2012), véase, además, Negrón v. Srio. de Justicia, 154 DPR 79, 90 (2001). El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 847 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del foro apelativo. Torres González v. Zaragoza Meléndez, *supra*; Medina Nazario v. McNeill Healthcare LLC, 194 DPR 723, 729 (2016). Así, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto

de *Certiorari*.  <u>Torres Martínez v. Torres Ghigliotty</u>, 175 DPR 83, 97 (2008).  La referida regla dispone lo siguiente:

    A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

    C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

    D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

    E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

    F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

    G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

<u>BPPR v. SLG Gómez-López</u>, 213 DPR 314, 337 (2023).

Es norma conocida en nuestra función revisora, que el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por lo que sólo intervendremos cuando exista claro abuso de discreción, prejuicio o cuando se haya equivocado en la interpretación del derecho aplicable. El Tribunal de Primera Instancia se encuentra en mejor posición para evaluar y adjudicar la prueba presentada. <u>Dávila Nieves v. Meléndez Marín</u>, 187 DPR 750, 771-772 (2013).

Se incurre en abuso de discreción cuando el juez: 1) no toma en cuenta un hecho material que no podía ser pasado por alto; 2) le concede gran peso a un hecho irrelevante y basa su decisión exclusivamente en el mismo; o 3) considera todos los hechos materiales y descarta los irrelevantes, pero los sopesa livianamente. <u>Ramírez v. Policía de P.R.</u>, 158 DPR 320, 340-341

(2002). En ausencia de abuso de discreción, prejuicio o parcialidad, la prudencia judicial ordena que el foro apelativo brinde completa deferencia al juzgador del foro primario.

**III.**

En su recurso, el peticionario solicitó que se declarara nula la *Sentencia* que el foro primario emitió el 19 de septiembre de 2024, mediante la cual desestimó la demanda de *Mandamus* que interpuso contra el Negociado de la Policía y otros. Explicó que la sentencia era nula pues la ley del caso fue establecida previamente por la División de Expedición de Licencias y Permisos de Seguridad Publica, quienes le habían concedido las licencias previamente. Mencionó que la Resolución que emitió el Negociado de la Policía el 30 de agosto de 2024, notificada el 3 de septiembre del mismo año, incumplió con la notificación que exige la sección 3.14 de la Ley de Procedimiento Administrativo Uniforme, pues fue notificada en exceso del término de noventa (90) días de concluida la vista administrativa celebrada el 8 de junio de 2023. Así, señaló que la *Resolución* era nula por ser emitida sin jurisdicción y en violación al debido proceso de ley de Marrero Ríos. En consecuencia, adujo que la sentencia que emitió el foro primario también era nula. Revisamos.

Conforme a la normativa antes esbozada, en términos generales, el foro primario puede de forma discrecional decretar el relevo de sentencia, cuando se solicita dentro de los seis (6) meses y cumple con los criterios que establece la Regla 49.2 de Procedimiento Civil. Este término no aplica cuando la sentencia es nula.

De los hechos aquí reseñados surge que el 19 de septiembre de 2024, el foro primario desestimó la acción de *mandamus* que instó Marrero Ríos. El fundamento para la decisión era que existía

un remedio adecuado en ley lo cual excluía el *mandamus* como vehículo procesal para dirimir los asuntos que planteó el demandante.

El 11 de junio de 2025, el señor Marrero Ríos interpuso una *Moción en Solicitud de Relevo de Sentencia.* Al haber transcurrido en exceso, el término de seis (6) meses de notificada la decisión, el peticionario tenía que acreditar que la sentencia que emitió el tribunal de primera instancia era nula. Del recurso no vemos cumplido este criterio, por lo que, no vamos a intervenir con la determinación aquí recurrida. Así, luego de evaluado el recurso, la oposición y el derecho aplicable, en ausencia de abuso de discreción, perjuicio o error, declinamos intervenir con la *Resolución* recurrida.

Claro está, lo anterior no impide que el peticionario, de así considerarlo, remita el planteamiento del relevo de sentencia al Negociado de la Policía, quien fue el ente que emitió la *Resolución,* cuya nulidad alega*.*

## IV.

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones