Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| SODAP, S.E.<br><br>Recurrida<br><br>v.<br><br>GLORIA BOSA OSORIO<br><br>Peticionaria | TA2025CE00586 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil Núm. CG2024CV00474<br><br>Sobre: Desahucio por Falta de Pago |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 15 de diciembre de 2025.

Comparece ante nos la Sra. **Gloria Bosa Osorio** (en adelante, "señora Bosa Osorio" o "Peticionaria"), para que revisemos la *Sentencia* dictada el 23 de septiembre de 2024 por el Tribunal de Primera Instancia,[1] Sala Superior de Caguas (en adelante, "TPI").[2] Mediante esta, se le anotó la rebeldía a la señora **Bosa Osorio** y se declaró con lugar las alegaciones de la demanda presentada por **SODAP, S.E.** (en adelante, "SODAP" o "Recurrida"). En consecuencia, el TPI decretó el desahucio y ordenó el desalojo inmediato de la **Peticionaria** de la propiedad localizada en el municipio de Caguas. Además, condenó a esta al pago de los cánones de arrendamiento adeudados.

Examinada la totalidad del expediente, resolvemos expedir el auto de *certiorari* y **confirmar** la determinación recurrida.

---

[1] Notificada a las partes el 26 de septiembre de 2024 mediante *Notificación Enmendada* para incluir a la señora Bosa Osorio. Además, se notificó a la señora Bosa Osorio mediante edicto publicado el 11 de octubre de 2024. Véase, Entradas Núm. 16 y 20 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").

[2] Véase, Entrada Núm. 18 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").

**-I-**

El **13 de febrero de 2024**, **SODAP** instó una *Demanda* sobre desahucio y cobro de dinero contra de la señora **Bosa Osorio**.[3] Adujo que desde el 23 de marzo de 2012 hasta el 22 de marzo de 2017, existió entre las partes un contrato de arrendamiento en el cual la **Peticionaria** se obligó a pagar mensualmente la cantidad de $500.00 por el uso de la segunda planta de la propiedad ubicada en la Calle Padial del municipio de Caguas. Indicó que, a partir de la fecha de vencimiento del contrato, este se renovó en virtud de tácita reconducción, hasta que las partes enmendaron el contrato de referencia para disponer que la nueva fecha de terminación sería el 22 de noviembre de 2023. No obstante, señaló que a la fecha de la radicación de la demanda, la señora **Bosa Osorio** le adeudaba la cantidad de $4,770.00 por concepto de pagos mensuales atrasados y vencidos, más la penalidad por pago tardío. Por lo tanto, **SODAP** le solicitó al TPI el desahucio de la **Peticionaria** al igual que el pago de los cánones de arrendamiento adeudados.

El **8 de marzo de 2024**, el TPI expidió el emplazamiento de la señora **Bosa Osorio**. Tras varias gestiones para diligenciar el emplazamiento personal, **SODAP** no logró emplazar a la **Peticionaria**. Ante este cuadro, presentó una *Solicitud de Autorización para emplazamiento por edicto* el **20 de marzo de 2024**.[4]

Así las cosas, el **20 de marzo de 2024**, el TPI emitió una *Orden emplazamiento por edicto*.[5] Posteriormente, **SODAP** radicó un *Escrito al expediente judicial informando publicación de emplazamiento por edicto,* el **11 de abril de 2024**.[6] En este, informó que el 9 de abril de 2024, se publicó el emplazamiento por edicto.

---

[3] Véase, Entrada Núm. 1 de SUMAC.
[4] Véase, Entrada Núm. 8 de SUMAC.
[5] Véase, Entrada Núm. 10 de SUMAC.
[6] Véase, Entrada Núm. 12 de SUMAC.

El **1 de agosto de 2024**, **SODAP** sometió una moción en *Solicitud de Anotación de Rebeldía*.[7] Informó que el término de treinta (30) días para contestar la *Demanda* transcurrió sin que la señora **Bosa Osorio** contestase la misma. Por ello, solicitó que se le anotase la rebeldía. De igual modo, el **17 de septiembre de 2024**, la **Recurrida** presentó una *Segunda moción en solicitud de anotación de rebeldía y que se dicte sentencia sumaria por las alegaciones al amparo de la Regla 45.2(B) de Procedimiento Civil*.[8] Allí reiteró sus argumentos previos y solicitó el desahucio de la **Peticionaria**, como consecuencia del incumplimiento de pago de los cánones de arrendamiento.

En vista de lo anterior, el **23 de septiembre de 2024**, el TPI emitió una *Sentencia* en la que le anotó la rebeldía a la señora **Bosa Osorio** y declaró con lugar las alegaciones de la *Demanda*. En consecuencia, decretó el desahucio según solicitado y ordenó el desalojo de la **Peticionaria** de la propiedad localizada en la Calle Padial del Municipio de Caguas. Además, condenó a esta a pagar la cantidad de **$4,770.00**, desglosados como sigue: **$4,500.00** en concepto de pagos mensuales atrasados y **$270.00** concernientes al **6%** del principal impagado de dicha renta, siendo dicha penalidad por pago tardío, pagadera como renta adicional junto con el pago de la renta vencida. Por lo que, el **2 de octubre de 2024**, fue emitida la *Notificación de sentencia por edicto* a nombre de la señora **Bosa Osorio**.[9] Por consiguiente, el **18 de octubre de 2024**, **SODAP** radicó una moción de *Escrito al expediente judicial informando publicación de sentencia por edicto*.[10] Mediante esta, informó que el 11 de octubre de 2024 se efectuó la publicación de la sentencia por edicto.

---

[7] Véase, Entrada Núm. 14 de SUMAC.
[8] Véase, Entrada Núm. 15 de SUMAC.
[9] Véase, Entrada Núm. 18 de SUMAC.
[10] Véase, Entrada Núm. 20 de SUMAC.

Así, el **19 de noviembre de 2024**, **SODAP** presentó una *Moción en solicitud de orden y mandamiento de lanzamiento*.[11] Puntualizó que transcurrido el término de treinta (30) días de la publicación de la sentencia sin que la señora **Bosa Osorio** apelara, la misma se convirtió en final y firme. Por lo cual, solicitó se ordenara el lanzamiento de la **Peticionaria** de la propiedad de referencia.

El **20 de noviembre de 2024**, el TPI emitió una *Orden* en la cual declaró *Ha Lugar* la solicitud de Orden y Mandamiento de Lanzamiento.[12]

No obstante, el **30 de enero de 2025**, la señora **Bosa Osorio** compareció por derecho propio y alegó haberse enterado sobre la sentencia de desahucio y cobro de dinero el 27 de enero de 2025.[13] Ante ello, solicitó al TPI un tiempo razonable para poder remover exitosamente sus pertenencias.

El **31 de enero de 2025**, la Oficina de Asuntos Legales de la Oficina del Procurador de las Personas de Edad Avanzada (en adelante, "OPPEA") compareció ante el TPI mediante *Moción de paralización de lanzamiento de término para rendir informe y órdenes*.[14] La OPPEA informó que la señora **Bosa Osorio** es un adulto mayor con ingresos limitados y solicitó que: **(a)** se paralizara el proceso de lanzamiento; **(b)** se le ordenara al Departamento de la Familia y al Departamento de la Vivienda que dentro del término de treinta (30) días rindieran un informe sobre la ayuda social que le brindarían a la señora Bosa Osorio; y, **(c)** se les concediera un término de treinta (30) días para realizar una investigación social y rendir informe.

---

[11] Véase, Entrada Núm. 22 de SUMAC.
[12] Véase, Entrada Núm. 23 y 24 de SUMAC.
[13] Véase, Entrada Núm. 25 de SUMAC.
[14] Véase, Entrada Núm. 28 de SUMAC.

Por su parte, el **10 de febrero de 2025**, **SODAP** radicó una *Moción en cumplimiento de orden*.[15] En esta, manifestó su oposición a la reconsideración presentada por la señora **Bosa Osorio** y a la intención de la OPPEA de paralizar el lanzamiento. Señaló que, desde el 13 de marzo de 2024, la **Peticionaria** tenía conocimiento de que era buscada con el fin de emplazarle. Reiteró que en este caso no procedía, conforme a derecho, la reconsideración instada. Por lo tanto, solicitó que no se paralizara el lanzamiento.

El **11 de febrero de 2025**, la señora **Bosa Osorio** presentó una *Moción por derecho propio*.[16] En esta, informó que la notificación y coordinación para entregar la propiedad se vio afectada por circunstancias fuera de su voluntad. Aseguró su compromiso de acatar la determinación del TPI y solicitó una extensión del plazo para entregar la referida propiedad en perfectas condiciones.

El **12 de febrero de 2025**, notificada el 18 de febrero de 2025, el TPI emitió una *Orden* en la cual le concedió a la señora **Bosa Osorio** un término final vencedero el 28 de febrero de 2025 para desalojar la mencionada propiedad.[17]

El **13 de marzo de 2025**, la OPPEA rindió un *Informe Social*. Informó que la señora **Bosa Osorio** conocía del caso de desahucio en su contra,[18] y señaló, que esta contaba con apoyo familiar y se encontraba en espera de entrega de una unidad en una égida. En respuesta, el **19 de marzo de 2025**, el TPI emitió una *Orden de paralización* del procedimiento de lanzamiento **hasta** el 31 de marzo de 2025.[19]

Transcurrido el plazo antes dicho, el **4 de abril de 2025**, **SODAP** presentó una *Moción urgente solicitando el desahucio*.[20] Informó que a esa fecha, la señora **Bosa Osorio** aún ocupaba la

---

[15] Véase, Entrada Núm. 29 de SUMAC.
[16] Véase, Entrada Núm. 31 de SUMAC.
[17] Véase, Entrada Núm. 32 de SUMAC.
[18] Véase, Entrada Núm. 36 de SUMAC.
[19] Véase, Entrada Núm. 38 de SUMAC.
[20] Véase, Entrada Núm. 39 de SUMAC.

propiedad en claro incumplimiento con las órdenes del TPI. Arguyó que la **Peticionaria** se beneficiaba de una propiedad por la cual no pagaba alquiler a merced de la **Recurrida**. Ante ello, solicitó nuevamente la ejecución inmediata del desahucio.

El **2 de mayo de 2025**, el TPI notificó una *Orden* en la cual expresó "*[e]ntendemos que a esta fecha la demandada ha desocupado la propiedad. De no ser así, se solicita a la Oficina de Alguaciles retomar el proceso de lanzamiento*".[21]

El **16 de junio de 2025**, la señora **Bosa Osorio** presentó una *Moción por derecho propio*. En esencia, solicitó la reconsideración de la *Sentencia* emitida el 23 de septiembre de 2024.[22] **En esa misma fecha**, aunque notificada el 17 de junio de 2025, el TPI emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de la Peticionaria.[23] Añadió "*[l]a Sentencia emitida en este caso es final y firme a esta fecha*".

El **12 de agosto de 2025**, la señora **Bosa Osorio** presentó una *Moción solicitando nulidad parcial de sentencia y exoneración de pago*.[24] En resumen, volvió a alegar que no compareció ante el TPI debido a defectos en el emplazamiento. Que ello la colocó en desventaja al no poder acudir a tiempo para defenderse. Además, alegó que le era imposible pagar la reclamación sobre renta atrasada ascendente a **$4,700.00** ya que no contaba con empleo y dependía de recursos limitados. Por lo tanto, solicitó que la *Sentencia* emitida el 23 de septiembre de 2024, se dejara parcialmente sin efecto, en específico, en cuanto al pago en concepto de renta atrasada.

El **5 de septiembre de 2025**, **SODAP** presentó su escrito en *Oposición a Moción Solicitando Nulidad Parcial de Sentencia y Exoneración de Pago*.[25] En síntesis, reiteró que la *Sentencia* emitida

---

[21] Véase, Entrada Núm. 44 de SUMAC.
[22] Véase, Entrada Núm. 45 de SUMAC.
[23] Véase, Entrada Núm. 46 de SUMAC.
[24] Véase, Entrada Núm. 47 de SUMAC.
[25] Véase, Entrada Núm. 50 de SUMAC.

el 23 de septiembre de 2024 advino final y firme debido a que la señora **Bosa Osorio** no presentó una apelación ni recurso alguno dentro de los términos procesales. De igual forma, recalcó que la *Orden* emitida el 16 de junio de 2025 reafirmó la finalidad de la *Sentencia*. **En la misma fecha** —del 5 de septiembre de 2025— el TPI emitió una *Orden* en la cual acogió la *Oposición* de la **Recurrida** y declaró *No Ha Lugar* la solicitud de nulidad parcial de la **Peticionaria**.[26]

Inconforme, la señora **Bosa Osorio** acude ante nos mediante un auto de *certiorari* y solicita la nulidad de la Sentencia emitida el 23 de septiembre de 2024, al igual que la *Orden* emitida el 16 de junio de 2025. Por su parte, **SODAP** compareció mediante escrito en *Oposición* y nos solicita que deneguemos el recurso de la **Peticionaria**.

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable al caso de autos.

-II-

-A-

El auto de *certiorari* es un medio procesal de carácter discrecional que, a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[27] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[28] Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> *[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas*

---

[26] Véase, Entrada Núm. 51 de SUMAC.
[27] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337 – 338 (2012).
[28] *García v. Asociación*, 165 DPR 311, 321 (2005).

> *56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. [...].*[29]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de certiorari:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[30]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[31]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos

---

[29] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*
[30] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).
[31] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[32]

-B-

La Regla 49.2 de Procedimiento Civil establece el mecanismo procesal que se tiene disponible para solicitar al TPI el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos.[33] En ese sentido, la Regla 49.2 dispone:

> *Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:*
>
> *(a) error, inadvertencia, sorpresa o negligencia excusable;*
>
> *(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*
>
> *(c) fraude (incluso el que hasta ahora se ha denominado —intrínseco y el también llamado —extrínseco), falsa representación u otra conducta impropia de una parte adversa;*
>
> *(d) nulidad de la sentencia;*
>
> *(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o*
>
> *(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*
>
> *[…] La moción se presentará dentro de un término razonable, **pero en ningún caso después de transcurrido seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento**. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:*
>
> > *1) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, una orden o un procedimiento;*
> >
> > *2) conceder un remedio a una parte que en realidad no haya sido emplazada, y*
> >
> > *3) dejar sin efecto una sentencia por motivo de fraude al tribunal. […][34]*

En cuanto a este caso, el inciso (d) de la Regla 49.2 de Procedimiento Civil, otorga al TPI la facultad de relevar a una parte de los efectos de una sentencia —aun después de transcurrido el

---

[32] *SLG Zapata- Rivera v. JF Montalvo*, 189 DPR 414, 434 – 435 (2013).
[33] *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010).
[34] 32 LPRA Ap. V, R. 49.2. Énfasis nuestros.

referido término de seis (6) meses— cuando se determine su nulidad. Bajo ese palio, una sentencia es **nula** cuando se ha dictado sin jurisdicción sobre la **persona o la materia, o mediante fraude al tribunal, o cuando al dictarla se ha quebrantado el debido proceso de ley en el cual se privó a una parte de la notificación o de la oportunidad de ser oída**.[35]

Así pues, si una sentencia es nula, tiene que dejarse sin efecto independientemente de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses que establece la Regla 49.2 de Procedimiento Civil.[36] No obstante, el lenguaje es claro al establecer que tal impugnación deberá ser en un **pleito independiente y bajo las estrictas condiciones allí dispuestas**. Lo antes dicho obedece a que la jurisprudencia ha establecido —como norma procesal reiterada— que la referida Regla 49.2 no puede utilizarse en sustitución de los recursos de revisión y reconsideración.[37] Nuestro Alto Foro ha señalado que la figura procesal del relevo de sentencia al amparo de la mencionada Regla, no significa que es una llave maestra para abrir todo asunto previamente adjudicado.[38]

### -III-

En síntesis, la señora **Bosa Osorio** nos plantea que el TPI erró al emitir la *Sentencia* del **23 de septiembre de 2024** y confirmar la misma a través de la *Orden* del **5 de septiembre de 2025**. Mediante la referida *Orden* se declaró *No Ha Lugar,*[39] la *Moción solicitando nulidad parcial de sentencia y exoneración de pago*,[40] presentada por la **Peticionaria**.

En **primer orden**, la **Peticionaria** nos solicita que anulemos la *Sentencia* emitida el 23 de septiembre de 2024 al amparo de la Regla

---

[35] *García Colón et al. v. Sucn. González, supra,* a la pág. 543.
[36] *Íd.*
[37] *Vega v. Emp. Tito Castro, Inc.*, 152 DPR 79, 87 (2000).
[38] *Íd.*
[39] Véase, Entrada Núm. 51 de SUMAC.
[40] Véase, Entrada Núm. 47 de SUMAC.

49.2 de Procedimiento Civil, *supra*, bajo el supuesto de falta de jurisdicción sobre la persona. Alega que el emplazamiento fue defectuoso toda vez que se remitió a la dirección equivocada. Por lo que esto provocó que **SODAP** la emplazara por edicto y no pudiese comparecer a tiempo ante el TPI. **No tiene razón**.

Según surge del expediente, la dirección utilizada en el emplazamiento es la misma que surge del contrato de arrendamiento habido entre las partes de epígrafe. Pese a los múltiples intentos de diligenciar el emplazamiento, no se pudo dar con el paradero de la señora **Bosa Osorio**. Por ello, el TPI autorizó que el emplazamiento se diligenciara por edicto. A nuestro juicio, el emplazamiento se diligenció conforme a derecho, por lo que correctamente se adquirió jurisdicción sobre su persona.

En **segundo orden**, la **Peticionaria** nos solicita que anulemos la *Orden* emitida el 5 de septiembre de 2025 la cual, denegó su *Moción solicitando nulidad parcial de sentencia y exoneración de pago*. **Tampoco tiene razón**.

En lo pertinente, la señora **Bosa Osorio** solicita que se le releve **parcialmente** de la Sentencia del 23 de septiembre de 2024, en lo referente al pago sobre los cánones de arrendamiento no pagados, que, al momento de dictarse la *Sentencia*, ascendían a **$4,700.00**. Alega que no cuenta con suficientes ingresos para el pago de la misma. A todas luces lo antes alegado no cumple con la citada Regla 49.2 de Procedimiento Civil. Nótese, que la mencionada Regla 49.2 no puede utilizarse en sustitución de los recursos de revisión y reconsideración.[41] Es decir, en este caso, no presentó oportunamente una moción de reconsideración o un recurso de apelación por parte de la **Peticionaria**, por lo que la figura procesal del relevo de sentencia no puede ser utilizada como una llave maestra para abrir todo asunto previamente adjudicado.

---

[41] *Vega v. Emp. Tito Castro, Inc.*, 152 DPR 79, 87 (2000).

A tono con lo antes expuesto, resolvemos que no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Razón por la cual, expedimos el recurso de *certiorari* y **confirmamos** la determinación recurrida.

**-IV-**

Por los fundamentos antes expuestos, se expide el auto de *certiorari* solicitado, y así, se **confirma** la determinación recurrida.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones